IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:14-cv-3322-M-BN |
| | § | |
| LNV CORPORATION, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation that this case should be remanded to state court.

**Background**

On August 29, 2014, Plaintiffs Samuel and Jo Ann Breitling ("Plaintiffs") filed an Original Petition in the 101st Judicial District Court of Dallas County, Texas. *See* Dkt. No. 1-5. Plaintiffs sued LNV Corporation ("LNV"), MGC Mortgage, Inc. ("MGC"), Dovenmuehle Mortgage, Inc. ("Dovenmuehle"), Codilis & Stawiarski, P.C. ("Codilis"), and Dale Tillery, a state district judge ("Judge Tillery"), asserting claims for fraud, conspiracy, and quiet title as well as violations of the Fair Debt Collection Practices Act, the Texas Debt Collection Practices Act, the Real Estate Settlement Procedures Act, and the Truth in Lending Act and, as against Judge Tillery, violations of Plaintiffs'

federal constitutional rights. *See id.* On September 10, 2014, Plaintiffs filed their Motion to Vacate Void Order for Summary Judgment Favoring LNV in Foreclosure Action and to Void the Sale of Our Property to LNV ("Motion to Vacate"). *See* Dkt. No. 1-7. In that motion, Plaintiffs requested, among other things, that the state court "vacate the void judgment ordered by Judge Tillery so that we are not deprived of our constitutional right to due process," "void the sale of our home to Defendant LNV on September 2, 2014," and "sanction Judge Tillery and attorney Jeffery Hardaway so they cannot deprive another Texan of their constitutional right to due process." *Id.* at 4 of 39. Plaintiffs' motion also attached and purported to incorporate and reallege the arguments in a prior motion to vacate in which Plaintiffs asked the state court to, among other things, "remove Judge Tillery from the bench and sanction him and Hardaway with disbarment." *Id.* at 4, 33; *see also* Dkt. No. 15-7.

On September 15, 2014, Defendants LNV and MGC (together, the "Removing Defendants") removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a). *See* Dkt. No. 1. Their Notice of Removal attached both Plaintiffs' Original Petition and Plaintiffs' Motion to Vacate. *See* Dkt. Nos. 1-5 & 1-7. They did so without Dovenmuehle's, Judge Tillery's, or Codilis's consent on the basis that these defendants had not yet been served. *See* Dkt. No. 1 at 2.

But Judge Tillery had been served on September 12, 2014, and he moved to remand the case to state court on the basis of the procedural defect of lack of consent

to removal as required by 28 U.S.C. § 1446(b)(2)(A). *See* Dkt. No. 9. Judge Tillery made clear that he "did not and does not consent to the removal of this case." *Id.* at 1.

The Removing Defendants responded by filing a still-timely Amended Notice of Removal that asserted that Defendants Dovenmuehle and Codilis have timely consented to removal. *See* Dkt. No. 15 at 2-3; *see also* Dkt. Nos. 15-10 & 20. The Removing Defendants further asserted in their Amended Notice of Removal and their response to Judge Tillery's Motion to Remand that Judge Tillery's consent to removal under Section 1446(b) is not required "because he has been fraudulently joined and because the claims against Defendants are separate and independent from the claims brought against Judge Tillery." Dkt. No. 15 at 3; *see also* Dkt. No. 17 at 1 (Judge Tillery's "consent is not needed for removal because he has been improperly joined. Defendants do not oppose, however, Judge Tillery's request to remand back to state court the improperly joined claims asserted [against] him in this lawsuit. The claims in this lawsuit against Judge Tillery have been improperly joined with the claims against LNV and MGC, and as a result, the claims against Judge Tillery should be remanded back to state court for adjudication."). After again attaching to their Amended Notice of Removal both Plaintiffs' Original Petition and Plaintiffs' Motion to Vacate, *see* Dkt. Nos. 15-5 & 15-7, the Removing Defendants contend that Plaintiffs "have no reasonable basis for recovery against Judge Tillery because he enjoys absolute judicial immunity," Dkt. No. 17 at 2. The Removing Defendants alternatively assert that Judge Tillery's consent is not needed for removal because "the claims against Judge Tillery, on the one hand, and against LNV and MGC, on the other hand, have

been fraudulently misjoined because they are both factually and legally unrelated." *Id.* at 10.

Judge Tillery has not filed a reply but did file a Motion to Dismiss Subject to his Motion to Remand Pursuant to Federal Rules 12(b)(1) and 12(b)(6) [Dkt. No. 11], asserting that any claims for damages against him are barred by judicial immunity and that any claims for declaratory relief or other equitable relief fail as a matter of law.

Judge Tillery also joined the Removing Defendants in filing a Joint Motion to Sever that makes the same arguments as the Removing Defendant raise elsewhere as to Judge Tillery's improper joinder and the fraudulent misjoinder of claims against him with the claims against the other defendants and requests that the Court "sever the claims against Judge Tillery and remand them back to state court for adjudication, but maintain jurisdiction over the claims against LNV and MGC pursuant to 28 U.S.C. § 1331." Dkt. No. 16 at 1-2.

Plaintiffs oppose Judge Tillery's motion to remand, *see* Dkt. No. 21, but have also filed their own Motion to Remand after Determination of Federal Questions Specific to Denial of Due Process and Equal Protection of Law under the United States Constitution, asking the Court to retain and adjudicate their federal constitutional claims against Judge Tillery and remand the remaining claims, *see* Dkt. No. 24.

Plaintiffs' motion to remand and all of the other motions are not yet ripe, but the undersigned concludes that there is no need to wait for further briefing where Judge Tillery's Motion to Remand [Dkt. No. 9] is fully briefed and should be granted.

## Legal Standards and Analysis

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). And a defendant may remove a case that includes a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331) and a claim not within the Court's original or supplemental jurisdiction or that has been made nonremovable by statute, so long as the action would be removable without the inclusion of the nonremovable claim. *See id.* § 1441(c)(1). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citation and internal quotation marks omitted). Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates

the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27- 28 (1983)).

Here, the Court's jurisdiction under Section 1331 over Plaintiffs' federal law claims is not disputed.

But, based on the so-called rule of unanimity (or unanimity of consent rule), if an action is removed under 28 U.S.C. § 1441(a) based on federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action"; "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"; and, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(A)-(C). But, if a case is removed under 28 U.S.C. § 1441(c) based on federal question jurisdiction over a claim joined with "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute," "only defendants against whom [a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of 28 U.S.C. § 1331)] has been asserted are required to join in or consent to the removal under" Section 1441(c)(1). *Id.* § 1441(c)(2).

Here, the Removing Defendants allege that all of Plaintiffs' claims are subject

to this Court's original (federal question) and supplemental jurisdiction and so have invoked Section 1441(a) – and not Section 1441(c) – as a basis for removal. *See* Dkt. Nos. 1 & 15. This, then, is not a case "[w]here a non-removable claim accompanies a claim that is removable due to federal question jurisdiction," such that "the entire civil action is removable" only under Section 1441(c). *Carr v. Capital One, N.A.*, 460 F. App'x 461, 468 (5th Cir. 2012). But, even if Section 1441(c) were to apply Plaintiffs assert claims arising under federal law against Judge Tillery, and so Judge Tillery's consent to removal is required under both Sections 1441(c)(2) and 1446(b)(2)(A) unless an exception applies. *See generally Farias v. Bexar Cty. Bd. of Trustees for Mental Health Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

Judge Tillery raised the procedural defect of lack of consent and timely moved to remand pursuant to 28 U.S.C. § 1447(c), which he is permitted to do as a non-consenting defendant. *See Preston v. Tenet Healthsystem Mem. Med. Ctr., Inc.*, 485 F.3d 804, 813 n.3 (5th Cir. 2007); *Davis v. City of Shreveport Police Dep't*, No. 12-0918, 2012 WL 4189511, at *2 (W.D. La. Sept. 18, 2012). Accordingly, although lack of consent is not a jurisdictional defect, *see Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990), this procedural defect under Section 1446(b)(2) requires remand of the entire case to state court unless the Court concludes that, based on an exception to the rule of unanimity, Judge Tillery's consent to removal is not required, *see Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011); *Southland Oil Co. v. Miss. Ins. Guar. Ass'n*, 182 F. App'x 358, 360 (5th Cir. 2006); *Doe v. Kerwood*, 969 F.2d 165, 167-69 (5th Cir. 1992); *Grand Tex. Homes, Inc. v. Am. Safety Indemn. Co.*, No. 3:12-cv-1773-M,

2012 WL 5355958, at *1 (N.D. Tex. Oct. 30, 2012); *Marquette Bus. Inc. v. America's Kitchen, Inc.*, No. 3:09-cv-1937-D, 2010 WL 1711767, at *4 (N.D. Tex. Apr. 28, 2010); *see also Couch v. Howard*, No. 3:06-cv-610-G, 2006 WL 1627916, at *1 (N.D. Tex. June 8, 2006) ("If one defendant refuses to consent, the removal is procedurally defective and the case should be remanded upon timely challenge by the plaintiff.").

The Removing Defendants bear the burden of establishing compliance with the rule of unanimity, either by showing all properly joined and served defendants' consent to removal or by establishing that a named defendant's consent to removal is not required. *See Davis*, 2012 WL 4189511, at *1. And, "[w]hile pleadings, and consequently removal notices, are to be construed with some liberality, [the Removing] Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal." *Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002). As such, "if a removing defendant fails to obtain the consent to remove of any codefendants, the notice of removal must affirmatively explain why consent of those defendants was unnecessary." *Alford v. Chevron, Inc.*, Civ. A. No. 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014) (internal quotation marks omitted).

"[T]he rationale for the unanimity rule is that a plaintiff should only be required to proceed against multiple defendants in one action." *LinkEx, Inc. v. CH Robinson Co., Inc.*, No. 3:10-cv-2372-M, 2011 WL 1447570, at *2 (N.D. Tex. Apr. 12, 2011). But courts have recognized as exceptions to the rule of unanimity where the non-consenting defendant was not yet served with process at the time the removal petition was filed, where a defendant is merely a nominal, unnecessary or formal party-defendant, and

where the removed claim is a separate and independent claim under 28 U.S.C. § 1441(c). *See Penson Fin. Servs., Inc. v. Golden Summit Investors Group, Ltd.*, No. 3:12-cv-300-B, 2012 WL 2680667, at *6 (N.D. Tex. 2012). And, "[i]n cases involving alleged improper or fraudulent joinder of parties, ... application of [the] requirement [that removal requires the consent of all co-defendants] to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Accordingly, where fraudulent or improper joinder is applicable, an allegedly improperly joined defendant need not join in or consent to removal, and the removing "defendant need not explain the absence of consent." *Id.* Some courts have also recognized so-called fraudulent or egregious misjoinder as another exception to the need for consent of all served defendants. *See, e.g.*, *Augustine v. Employers Mut. Cas. Co.*, No. 2:08-cv-1102, 2010 WL 4930317, at *15 (W.D. La. Nov. 30, 2010).

The Removing Defendants appear to attempt to invoke several of these exceptions, which the undersigned will address in turn.

<u>Improper Joinder</u>

The Removing Defendants' Amended Notice of Removal asserts that "Judge Tillery's consent is not required for removal because he has been fraudulently joined." Dkt. No. 15 at 3. The Removing Defendants cite the rule that "[a] defendant is considered fraudulently joined when there is no reasonable possibility that a plaintiff will be able to establish a cause of action in state court against the defendant." *Id.* at 4. The Removing Defendants argue that, "[c]onsidering all allegations in the Petition

in the light most favorable to Plaintiffs under Texas's 'fair notice' pleading standard, there is simply no reasonable basis to predict that Plaintiffs might recover under any cause of action asserted against Judge Tillery in this case because he is entitled to judicial immunity, which is an absolute immunity from both suit and damages." *Id.* at 5. In support of these assertions, the Removing Defendants' Amended Notice of Removal – as well as their response to Judge Tillery's Motion to Remand and their Joint Motion to Sever – cite case law on what has been referred to as fraudulent joinder and what the United States Court of Appeals for the Fifth Circuit now refers to as "improper joinder," *see Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004), and federal court decisions on judicial immunity. *See* Dkt. No. 15 at 3-7; Dkt. No. 16 at 4-5, 7-10; Dkt. No. 17 at 6-8, 10-13.

But the Removing Defendants' reliance on the doctrine of improper or fraudulent joinder to excuse Judge Tillery's lack of consent is misplaced. The Removing Defendants removed this case on the basis of Section 1331 federal question jurisdiction. *See* Dkt. No. 15 at 3, 9-10. This is not a case in which Judge Tillery's presence as an in-state defendant destroys complete diversity and precludes 28 U.S.C. § 1332 diversity jurisdiction unless the non-diverse defendant is determined to be improperly joined and therefore dismissed to preserve the required complete diversity of citizenship of all plaintiffs from all defendants. The improper joinder doctrine deals with matters of diversity jurisdiction, applying a test of "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to

predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. And, because a federal court to which a case is removed under Section 1332 diversity jurisdiction with an in-state defendant must perform this improper joinder analysis to determine its subject matter jurisdiction, as part of which "the removing party [must carry] its heavy burden of proving that the joinder was improper," *id.* at 576, it logically follows that, as noted above, a removing defendant may simply note in its notice of removal that the in-state defendant is improperly joined and need not obtain the allegedly improperly joined defendant's consent to or joinder in removal or even explain or otherwise justify the lack of the allegedly improperly joined defendant's consent. *See Jernigan*, 989 F.2d at 815.

Here, whether or not Judge Tillery remains in the case – and whether or not he has consented to removal – has no effect on the Court's subject matter jurisdiction over this action under Section 1331. The lack of Judge Tillery's consent is, therefore, the central issue on Judge Tillery's motion to remand, and the Removing Defendants are required to explain that lack of consent and the reasons for it in their removal papers and are required to establish any exception to the rule of unanimity. *See Alford*, 2014 WL 37600, at *6; *Davis*, 2012 WL 4189511, at *1. The improper joinder doctrine that the Removing Defendants have invoked, therefore, does not address the present situation.

The related nominal (or unnecessary or formal party) defendant doctrine – never cited or invoked by the Removing Defendants – does address the present situation. That doctrine applies in cases removed under federal question jurisdiction to provide

an exception where a served defendant has not consented to removal. *See Farias*, 925 F.2d at 871-72. Because, as explained below, this doctrine involves a test substantially similar to the test for improper joinder, *see S. Lavon Evans, Jr. Drilling Venture, LLC v. Laredo Energy Holdings, LLC*, No. 3:11-cv-12-KS-MTP, 2011 WL 1104150, at *4 n.2 (S.D. Miss. Mar. 23, 2011); *Roblez v. Ramos*, No. 3:01-cv-366-G, 2001 WL 896942, at *2 n.1 (N.D. Tex. Aug. 1, 2011), the Court could construe the Amended Notice of Removal with some liberality to apply this doctrine, finding that the substance of the test was at least "obliquely referred to in" the Amended Notice of Removal, *Hinojosa*, 214 F. Supp. 2d at 707; *accord Gutierrez v. La Joya Ind. Sch. Dist.*, Civ. A. No. M-12-266, 2012 WL 5464957, at *3 (S.D. Tex. Nov. 8, 2012). On the other hand, any doubt as to the propriety of removal should be resolved in favor of remand, and the absence of any reference to the applicable doctrine to excuse lack of consent may not be said to meet the requirement that "the notice of removal must affirmatively explain why consent of those defendants was unnecessary." *Alford*, 2014 WL 37600, at *6. For that reason alone, the Removing Defendants may have failed to meet their burden to establish that Judge Tillery's consent is not required.

But, even if the Court liberally construes the Amended Notice of Removal to be invoking the nominal defendant doctrine, the Removing Defendants have not met their burden to establish that Judge Tillery's consent is not required under this doctrine. "To establish that non-removing parties are nominal parties, the removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Farias*, 925 F.2d at 871

(internal quotation marks omitted). "The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court." *Id.* at 572. "The question of whether a named defendant is a nominal party depends on the facts in each case," and the Court must "look to whether a party was nominal at the *time of removal* rather than considering any subsequent events." *In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (footnotes and internal quotation marks omitted).

The Removing Defendants rely exclusively on judicial immunity to argue that there is simply no reasonable basis to predict that Plaintiffs might recover under any cause of action asserted against Judge Tillery in this case. But, even if the Removing Defendants have made this showing as to any claim against Judge Tillery for damages, the Removing Defendants' papers do not address any other relief that Plaintiffs seek against Judge Tillery, however likely (or not) Plaintiffs may be to succeed. And that is the Removing Defendants' heavy burden. *See Tereaud v. Kephart*, Civ. A. No. 09-7269, 2010 WL 1254372, at *2 (E.D. La. Mar. 24, 2010); *Summit Machine Tool Mfg. Corp. v. Great N. Ins. Co.*, 883 F. Supp. 1529, 1530 (S.D. Tex. 1994).

As Judge Tillery himself notes in his Motion to Dismiss Subject to his Motion to Remand Pursuant to Federal Rules 12(b)(1) and 12(b)(6), *see* Dkt. No. 11 at 3, under the Texas law that a state court would apply to resolve Plaintiffs' claims against Judge Tillery, "judicial immunity is not a bar to *prospective injunctive* relief against a judicial officer acting in a judicial capacity or to attorney's fees, for obtaining such relief," *Twilligear v. Carrell*, 148 S.W.3d 502, 504 n.8 (Tex. App. – Houston [14 Dist.] 2004,

pet. denied) (emphasis in original). And, just as this Court does, Texas state courts "must liberally construe pro se pleadings and briefs." *Silvio v. Newman*, No. 01-10-01153-CV, 2014 WL 3107570, at *3 (Tex. App. – Houston [1st Dist.] July 8, 2014, no pet.).

Plaintiff's petition prays for "any other equitable relief the court deems just." Dkt. No. 1-5 at 24; Dkt. No. 15-5 at 24. And the Removing Defendants themselves attached Plaintiffs' pending Motion to Vacate to their removal papers. *See* Dkt. No. 15-7. In that motion, Plaintiffs requested, among other things, that the state court "sanction Judge Tillery and attorney Jeffery Hardaway so they cannot deprive another Texan of their constitutional right to due process." *Id.* at 4 of 39. Plaintiffs' motion also attached and purported to incorporate and reallege the arguments in a prior motion to vacate in which Plaintiffs asked the state court to, among other things, "remove Judge Tillery from the bench and sanction him and Hardaway with disbarment." *Id.* at 4 of 39, 33 of 39; *see also* Dkt. No. 1-7.

Despite the liberality with which a state court would construe the *pro se* Plaintiffs' pleadings and requests for relief, the Removing Defendants have not addressed these matters that seek something other than damages and may be construed as seeking prospective injunctive relief against Judge Tillery. Although not dispositive of this issue, the Court notes that, while denying that Plaintiffs are seeking prospective injunctive relief against him, Judge Tillery raised additional grounds in his conditional motion for dismissal precisely because of the limitation on judicial immunity's scope noted above. *See* Dkt. No. 11 at 3-5.

-14-

The undersigned concludes that the Removing Defendants have not met their heavy burden to establish that there is no possibility that Plaintiffs would be able to establish a cause of action against Judge Tillery in state court and therefore that Judge Tillery's consent is not required for removal based on the nominal defendant doctrine.

<u>Separate and Independent Claims</u>

The Removing Defendants' Amended Notice of Removal further asserts that "Judge Tillery's consent is also not required for this removal because the claims against him are separate and independent from the claims against [the Removing] Defendants." Dkt. No. 15 at 7. As support, the Removing Defendants cite the Fifth Circuit's decision in *Henry v. Independent American Savings Association*, 857 F.2d 995, 999 (5th Cir. 1988), which held that, "if one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against other defendants, consent of the other defendants is not required," "'[f]or if consent were required in such a case, a plaintiff might be able to prevent removal of a federal claim by joining an unrelated claim against a different defendant, and this would reduce the effectiveness of section 1441(c) in making separate and independent claims a basis for removal.'" *Henry*, 857 F.2d at 999 (quoting *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 183 (7th Cir. 1984)).

But *Henry* was following case law applying, and was itself applying, the then-current version of 28 U.S.C. § 1441(c), *see id.*, which provided that, "'[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of

action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction,'" *Poche v. Tex. Air Corps, Inc.*, 549 F.3d 999, 1001 (5th Cir. 2008) (quoting the text of 28 U.S.C. § 1441(c) before the enactment of the Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 312, 104 Stat. 5089, 5114 (1990)). Amendments to 28 U.S.C. § 1441(c) effective in 2011 eliminated Section 1441(c)'s "separate and independent claims" language, *see Marvin v. Am. Export Lines Inc.*, No. 3:14-cv-316-BAJ-SCR, 2014 WL 4924341, at *3 n.4 (M.D. La. Sept. 30, 2014), and made explicit that "[o]nly defendants against whom a claim described in paragraph (1)(A)" – that is, "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)" – "has been asserted are required to join in or consent to the removal under" 28 U.S.C. § 1441(c)(1), *see Genusa v. Asbestos Corp. Ltd.*, Civ. A. No. 13-794-JJB-RLB, ___ F. Supp. 2d ___, 2014 WL 1831190, at *12 (M.D. La. May 8, 2014). Effective December 7, 2011, 28 U.S.C. § 1441(c) now provides:

(c) Joinder of Federal Law Claims and State Law Claims. –

(1) If a civil action includes—
    (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
    (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the

action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Congress's latest amendments to Section 1441(c) appear to have at least partially abrogated the Fifth Circuit's holding in *Henry* regarding the separate and independent claim exception to the rule of unanimity and the reasoning behind it – ensuring the effectiveness of Section 1441(c) in making "separate and independent claims" a basis for removal without interference by non-consenting defendants who face only non-removable claims. *See Genusa*, 2014 WL 1831190, at *12 (noting the consent requirement currently codified in 28 U.S.C. § 1441(c)(2) and that *Henry* held that "former version of 28 U.S.C. § 1441(c) only requires consent of defendants whose claims are 'separate and independent' from the claims brought against the other defendants."); *see generally Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) (explaining that a Fifth Circuit panel decision is binding authority absent an intervening change in the law, such as by a statutory amendment or a decision of the United States Supreme Court or the en banc Court of Appeals).

But, regardless, Section 1441(c), as amended in 2011 and currently in effect, at the least makes explicit that, if removal of federal law and state law claims is effected under Section 1441(c) (which the Removing Defendants have not asserted in their removal notices, *see* Dkt. Nos. 1 & 15), Judge Tillery, as a defendant against whom a claim arising under the Constitution, laws, or treaties of the United States, within the meaning of 28 U.S.C. § 1331 (which the Removing Defendants do assert as the jurisdictional basis for their removal of this action, *see* Dkt. No. 15 at 3, 9-10), is

required to join in or consent to the removal. *See* 28 U.S.C. § 1441(c)(2).

Accordingly, even if *Henry*'s separate and independent claim exception to the rule of unanimity survived Section 1441(c)'s 2011 amendments, that rule cannot excuse Judge Tillery's failure and refusal to consent to removal here where, as discussed above, Section 1441(a), and not Section 1441(c), is the basis for the Removing Defendants' removal of this case and where, even if the Removing Defendants had invoked Section 1441(c) as a basis for removal, Section 1441(c)(2) would require Judge Tillery's consent to removal.

Fraudulent Misjoinder

The Removing Defendants do not invoke fraudulent misjoinder in their Amended Notice of Removal as an excuse for Judge Tillery's failure to consent to removal. *See* Dkt. No. 15. That alone may preclude this as a basis to avoid remand. *See Alford*, 2014 WL 37600, at *6; *Hinojosa*, 214 F. Supp. 2d at 707.

But, even if the Removing Defendants' raising this possible exception to the rule of unanimity in their response to Judge Tillery's Motion to Remand was sufficient, this exception does not apply here to excuse Judge Tillery's lack of consent.

As the presiding judge in this case has previously explained:

> The doctrine of fraudulent misjoinder is rooted in the Eleventh Circuit's decision in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). In *Tapscott*, the Eleventh Circuit stated that, in some circumstances, a plaintiff's failure to comply with joinder requirements is "just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possible cause of action," and justifies removal on diversity grounds. "[M]ere misjoinder," however, does not constitute fraudulent misjoinder under *Tapscott*. Fraudulent misjoinder

> is established only by "egregious" instances of misjoinder involving "wholly distinct" claims so devoid of "real connection with the controversy" that their joinder "border[s] on a sham."

*Salazar v. Lopez*, No. 3:13-cv-188-M, 2013 WL 1124302, at *1 (N.D. Tex. Mar. 18, 2013) (footnotes and citations omitted). "As other Texas district courts have done, this Court assumes, without deciding, that fraudulent misjoinder is a ... possible ground to support a finding of improper joinder." *Id.* (internal quotation marks omitted). But the "Court agrees with the courts that have adopted the *Tapscott* analysis in its entirety, and concludes that to be fraudulent, misjoinder must be egregious." *Id.* at *2.

As in *Salazar*, here, "[e]ven if combining the claims against [Judge Tillery] with the claims against [the Removing Defendants] was improper, the claims are not wholly distinct, nor are they so disconnected factually or legally as to make their joinder a sham." *Id.* Even assuming the Removing Defendants are correct that "[t]he claims against Judge Tillery for constitutional violations and the servicing and origination-based claims against LNV and MGC ... raise different factual issues ..., turn on different legal issues, and will be proven by different evidence," Dkt. No. 17 at 16, a general description of these claims defies any conclusion that any misjoinder by Plaintiff of these claims was egregious and that the claims against Judge Tillery are wholly distinct from, and devoid of any real connection with the controversy at issue, in Plaintiffs' claims against the Removing Defendants. Plaintiffs' claims against Judge Tillery are based on rulings that he made in a lawsuit in favor of LNV and over Plaintiffs' arguments that the subject matter of that case involved MGC, against whom Plaintiffs were involved in a separate case pending in the Dallas County courts. *See*

Dkt. Nos. 1-5 & 15-5. By the Removing Defendants' own description, in this case, "Plaintiffs also assert claims against LNV and MGC purportedly arising from the origination and servicing of their loan," Dkt. No. 17 at 2 – which are matters at least related to the case against LNV out of which Plaintiffs allege that their claims against Judge Tillery arose.

"The joinder, therefore, was not so egregious as to constitute fraudulent misjoinder." *Salazar*, 2013 WL 1124302, at *2. And, because the undersigned concludes that "the claims are not fraudulently misjoined, [the Court] need not determine whether the claims are merely improperly joined." *Id.*

Arguments for Partial Remand

The Removing Defendants' and Judge Tillery's motions also suggest that Judge Tillery could consent only to removal of claims other than the claims against him or that this Court could sever only the claims against Judge Tillery and thereby cure the lack of consent problem. Those arguments are not well taken. Now-Chief Judge Sidney Fitzwater has previously and persuasively rejected arguments that a defendant can consent to removal of claims against other defendants while refusing to oppose remand of the claims against him, *see Ondova Ltd. Co. v. Manila Indus., Inc.*, No. 3:07-cv-1812-D, 2007 WL 4104192, at *3 (N.D. Tex. Nov. 19, 2007), and that a court with subject matter jurisdiction can in its discretion cure a procedural defect in removal to which a non-removing party has timely objected through such devices as post-removal severance, *see Carr v. Mesquite Indep. Sch. Dist.*, No. 3:04-cv-239-D, 2004 WL 1335827, at *2 (N.D. Tex. June 14, 2004). The parties' arguments for partial remand are not

consistent with governing case law or the fact that "a principal reason for the unanimity-of-removal requirement is to prevent individual defendants from splitting the plaintiff's claim between state and federal fora." *Id.* Further, insofar as the Joint Motion to Sever is based on arguments for improper joinder or fraudulent joinder, those arguments fail for the reasons explained above and therefore provide no basis for severance to avoid remand of the entire case.

* * *

For the reasons discussed above, bearing in mind that any doubt as to the propriety of removal should be resolved in favor of remand, the Removing Defendants have not met their burden to show that Judge Tillery's consent to removal was unnecessary, and Judge Tillery's failure and refusal to consent to removal is a procedural defect that requires remand of the entire action to state court.

### Recommendation

The Court should grant Judge Tillery's Motion to Remand [Dkt. No. 9], deny the Joint Motion to Sever [Dkt. No. 16], deny as moot Plaintiffs' Motion to Remand after Determination of Federal Questions Specific to Denial of Due Process and Equal Protection of Law under the United States Constitution [Dkt. No. 24], and remand this entire action – including any remaining pending motions – to the 101st Judicial District Court of Dallas County, Texas, from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE