IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL G. BREITLING AND JO ANN BREITLING, | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:14-cv-3322-M |
| LNV CORPORATION, ET AL., | § § § | |
| Defendants. | § § | |

**PLAINTIFF'S MOTION FOR STAY OF FUTURE MOTIONS AND FILING OF AMENDED COMPLAINT OR ALTERNATIVELY FOR AN EXTENSION OF TIME TO FILE AMENDED COMPLAINT**

Now come Plaintiffs, pro-se, and motion this court for a stay on the filing of all future motions and the filing of our amended complaint or alternatively for an extension of time until November 13, 2014 to file our amended complaint. We had agreed with counsel, Marc Cabrera of Locke Lord representing Defendants LNV Corporation (LVN), MGC Mortgage Inc. (MGC) and Dovenmuehle Mortgage Inc. (DMI) to file our first amended complaint on October 31, 2014 but this Honorable Court issued an order (or what we reasonably thought was an order since the language in the email sent to us by the court stated "Ordered by Magistrate Judge David L Horan on 10/29/2014") on October 29, 2014 to remand the case back to the State court. (See Exhibit A for the language in the email.)

On as soon as I, JoAnn Breitling, received the email about the "Order" from the court I checked the Dallas Court Docket online and saw that the case was not there, so I phoned Jonathan, the court coordinator at the 101 District Court, and he said it take a few days for it to show up and

suggested I keep checking back.  It was still not there on Thursday October 30, so I sent an email to Marc Cabrera counsel for Defendants LNV, MGC and DMI believing as any reasonable person would that there was be no point to filing my amended complaint in the Federal court if the case is being remanded to the State court where the headings on the document and other styling and language would be different than what is expected in the federal court; and because they had 14 days to appeal the remand decision it made no sense to file in the State court before that time period was expired.  I specifically requested Mr. Cabrera to email me if he had any objections or concerns.  He did not reply to my email.

When I again did not see my case in the 101 Dallas District court I called the Federal Court clerk's help desk on Monday morning around the time the court opened on November 3, 2014 and spoke with a woman who did not provide her name who told me that my case was still in the Federal Court and that the judge in the 101 Dallas District Court had to remand the case back to the State court.

As soon as I hung up on that call I phoned the 101st Dallas District Court and spoke with Jonathan again who told me he has never heard of a Dallas District judge having to remand a case from federal court.

As soon as hung up from my call with Jonathan; I phoned the Federal Court clerk's help desk again. This time I spoke with a gentleman who did not provide his name.  He said that I had been given wrong information by the first lady I had spoken with that morning.  He told me that the magistrate judge, David Horan's, findings, conclusions, and recommendation had to be read by Judge Barbara Lynn; that she needed to wait for objections or appeals from any party to the suit

before she could sign off on it. He said that process could take two to three weeks, depending on her caseload.

I never imagined the process could take so long and after thinking about the information provided in that last phone call to the Federal Court clerk's help desk I became concerned about what happens with the deadlines during this waiting period. I asked a friend who had been represented by an attorney in a case that was remanded back to State court from a Federal court and was told that all the deadlines are put on hold. I wanted to confirm this so later that same morning on November 3, 2014 I once again phoned the Federal Court clerk's help desk to ask what happens to deadlines in the federal court while the recommendation/order to remand was in a process of transition back to the State court. This time since I was getting so much conflicting information from the employees at the clerk's desk I decided I needed to ask for names and keep a log of what I was told by whom. This time I spoke with Yolanda and she said she could not answer that question as it would be giving me legal advice. I do not agree that providing proper information about court procedure to a pro-se litigant is giving legal advice; and when courts through their clerks give misinformation it has the effect of depriving the pro-se litigant of meaningful access to the courts.

Meaningful access to the courts is a fundamental constitutional right. *See Bounds v. Smith, 430 U.S. 817, 828 (1977); Johnson v. Avery, 393 U.S. 483, 485 (1969)*. Derived from the first amendment, *See NAACP v. Button, 371 U.S. 415, 428-29 (1963); Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1427-28 (8th Cir. 1986); Wilson v. Thompson, 593 F.2d 1375, 1387 (5th Cir. 1979)*, and the due process clause of the fourteenth amendment, *See Wolff v. McDonnell, 418 U.S. 539, 579 (1974); Ryland v. Shapiro, 708 F.2d 967, 971-72 (5th Cir. 1983)*,

the right protects a litigant's interest in using the judicial process to attain redress of grievances. *See Bounds v. Smith, 430 U.S. 817, 825 (1977); Wolff, 418 U.S. at 579; Johnson v. Avery, 393 U.S. 483, 485 (1969).*

For pro se litigants, the right guarantees all the means necessary to ensure an adequate hearing on all alleged grievances. *See Gilmore v. Lynch, 319 F. Supp. 105, 110 (N.D. Cal. 1970) (per curiam), aff'd sub nom. Younger v. Gilmore, 404 U.S. 15 (1971) (per curiam).*

Pro se litigants, as well as those represented by counsel, are entitled to meaningful access to the courts. *See Bounds v. Smith, 430 U.S. 817, 828 (1977); Wolff v. McDonnell, 418 U.S. 539, 579 (1974); Ross v. Moffitt, 417 U.S. 600, 612-15 (1974); Johnson v. Avery, 393 U.S. 483, 485 (1969); Rudolph v. Locke, 594 F.2d 1076, 1078 (5th Cir. 1979).*

Sufficient access to the courts, a right protected by the due process clause of the fourteenth amendment *See Wolff, 418 U.S. at 579-80; Corpus v. Estelle, 409 F. Supp. 1090, 1097 (S.D. Tex. 1975), aff'd, 542 F.2d 573 (5th Cir. 1976)* and the first amendment, *See Cruz v. Beto, 405 U.S. 319, 321 (1972)* guarantees to all persons use of the judicial process to redress alleged grievances. *See Bounds v. Smith, 430 U.S. 817, 825 (1977); Wolff v. McDonnell, 418 U.S. 539, 579 (1974); Johnson v. Avery, 393 U.S. 483, 488 (1969).*

The importance of the right of access has long been recognized by the Supreme Court. *See, e.g., Chambers v. Baltimore & Ohio R.R., 207 U.S. 142, 148 (1907).* In *Rabin v. Dep't of State, No. 95-4310, 1997 U.S. Dist. LEXIS 15718* the court noted that pro se plaintiffs should be afforded "special solicitude."

I phoned the Federal Court clerk's help desk a fourth time and spoke with Sonia. She confirmed it is standard procedure for the magistrate judge to rule and then the District judge to affirm his findings and conclusions. The way Sonia explained the process made it sound like Judge Lynn waits to rule until after the fourteen day period.

On November 4, 2014 I phoned the Federal Court clerk's help desk and spoke Thomas after receiving an email from Marc Cabera. on Thursday, October 30 I had emailed Mr. Cabera and I asked him to respond the same day to confirm that he had no objection to my postponing the filing of my amended complaint in light of the Federal court's order (at the time I did not understand, nor would any reasonable person understand that it was not an order) to remand the case in its entirety back to the State court. He responded to my email five days later and informed me I had missed the filing deadline.

In my conversation with Thomas at Federal Court clerk's help desk on November 4, 2014 he told me that there is no specific time frame in which Judge Lynn must sign anything that she receives from the Magistrate Judge. He said she could take a month to review it, she could change it, or she could wait until next year; he also said that scheduling orders and deadlines in the federal court would remain in effect until the case is actually remanded back to the State court. To an average American taxpayer, like me, it seems like a huge waste of time to continue in federal court with a case that has a high probability of being remanded in its entirety back to State court. I'm a pro se litigant and I don't have a team of 20 attorneys and 20 paralegals assisting me to write and then re-write my pleading for different venues.

Although, as a pro-se litigant, it is understandable that I would think the Magistrate Judge's finding of fact, conclusions and recommendations were in fact a final Order of the Court since

the email I received from the court informing me of the decision actually stated it was an Order; but Mr. Cabera having an education on law, and having many years experience practicing law should have known that this was not a final Order of the Court and also would have had reason to conclude that I did not know this. Therefore his waiting five days to inform me of this fact could only be construed by any reasonable person as an attempt to exploit my disadvantaged position as a pro-se litigant and to thereby deprive us of meaningful access to the courts and our rights to due process and equal protection of the laws.

In his email Mr. Cabera states, "We strongly urge you to obtain counsel to assist with your litigation." I would like to remind him and this court that we never intended to become pro-se litigants and in fact would not me such had Defendant Tillery simply granted our motion for a 30 day continuance to find a new attorney, as any reasonable and unbiased judge would have done.

The actions of Defendant Tillery, possibility in collusion with Defendant Codilis & Stawiarski (C&S) and/or Defendants DMI, LNV and MGC, deprived us of our Constitutional rights to due process and equal protection of the laws; and at the same time exponentially increased the complexity of our case. I have spoken with at least 100 attorneys since Defendant Tillery unconstitutionally granted Defendant LNV a summary judgment in their fraudulent "in rem" foreclosure petition in the 134th Dallas District Court. A short list of some of these attorneys is below:

1. McDonald Worley
2. J. D. Milks
3. Rachel Khirallah
4. Sharon Campbell
5. Ken Grubbs
6. Steve Palmer
7. Van Shaw
8. Marty Price
9. Michael Sices
10. Thomas Hanson
11. A. Shonn Brown
12. Frank E. McClain
13. Pettit Law Firm
14. Smith Kendall
15. Gary Armstrong
16. John Kiker
17. Jeff Taylor
18. Greg Fell

I had filed a letter to the Honorable Judge Lynn because on Tuesday October 21, 2014 I phoned the Federal Court clerk's help desk and spoke with a female clerk who had not provided her name to ask about filing a default judgment against Defendant C&S because they failed to make an appearance before their deadline.  This clerk recommended I write a letter to the judge asking for permission to do this, which I did, now I have no idea if this was the correct way to address my concerns.  This week with all my communications with the Federal Court clerk's help desk I asked a different female clerk, who did not provide her name, about my letter to the judge and whether the Judge was considering my letter.  She said that she did not see my letter to the judge on the docket.  (It was filed as document #24.)  She also told me that sometimes if the Judge was reviewing it the document would not show up.  At this point I have no idea whether or not this was accurate information.

One of the concerns I expressed in my letter to the judge was that phone calls with Mr. Cabrera had become "two against one" where he and another Locke Lord attorney, Jason Sanders, would both be on the telephone whenever they phoned me.  This makes me feel very uncomfortable.  One very disturbing phone call from the two of them was on Thursday, October 23, 2014.  They asked me if I'd had time to consider the offer their client (D. Andrew Beal, owner of both LNV and MGC) made to me.  I was unaware of any offer from Mr. Beal.  When I told them this they referred to a conversation they claim occurred between to Mr. Brett Shipp, an investigative reporter, and Mr. Beal on October 3, 2014 where Br. Beal told Mr. Shipp we needed to think about repurchasing our home from him.

No reasonable person would consider a verbal offer made through a third party legitimate; and I told them so.  Mr. Cabrera told me if I did not want to "buy my house back" and if this case did

not "settle" and I continued to litigate they would have no option but to start the eviction process. I considered this communication an attempt to intimidate me and to exploit my position as a pro-se litigant; as well as being an extortion threat. I asked Mr. Cabrera not to phone me again and that all future communications with him would need to be through email or other written forms.

We have every right to litigate to protect our huge financial and emotional interest in our property when we have been unjustly harmed by these defendants; and are in threat of being deprived of our property without due process.

I beg this court to consider the fact that these defendants have put us into a very precarious situation. LNV removed my case to the federal court and it was moved THE SAME DAY. I do NOT know the rules of federal civil procedure so would reasonably assume that the remand would also be transacted on the same day.

The fact that I am uncomfortable with the rules of federal civil procedure is the primary motivation behind Defendants LNV and MGC removal to Federal court. They did the same thing in the case of Depew vs. LNV Corporation, Case Number: 3:2014-cv-00284 in the Louisiana Middle District Court, Baton Rouge Office. They knew that Ms. Depew had finally learned the proper civil procedure in the Louisiana State court. She had successfully motioned the State court to correct a fraudulently added "with prejudice" clause in an Order to Dismiss granted solely due to Ms. Depew's procedural errors; and where the Judge had not used the "with prejudice" clause at the hearing for LNV's motion to dismiss. The Judge had asked counsel representing LNV, the Dean Morris Law Firm, to prepare the Order and LNV's counsel had added the "with prejudice" clause of his own volition and for his and his client's own purposes. During the time Ms. Depew investigated the cause for the addition of the "with

prejudice" clause and how to remedy it; LNV had sold her home to itself, just as they did in my case. Ms. Depew was caring for five very young grandchildren full time so it was exceptionally difficult for her have a period of uninterrupted time in which to write court pleadings; she had no car and no regular or reliable transportation to and from Baton Rouge to file pleadings in the federal court. She does not have a college education and was overwhelmed by the differences in federal rules and the Louisiana State Court rules (which are actually different from any other State in our nation.) As with Defendant C&S, the Dean Morris Law Firm is an LPS service provider. Attorneys representing LNV and MGC display a similar pattern of malicious abuse of judicial process in many foreclosure related cases across the country.

In the end Ms. Depew was unable to prepare and file a timely amended complaint, and her case was dismissed in federal court even though the federal Judge recognized that her case had merit. Ms. Depew, her five grandchildren and three daughters (one daughter and a grandchild are disabled) were recently evicted from their home, the only home any of the grandchildren have even known; and Mr. Beal knew my emotions would have been raw from this knowledge as I have several young grandchildren myself. This family is now split between campers and mobile homes; and the ordeal is bound to have devastating consequences for these young children.

I was pleased with Magistrate Judge David Horan's findings, conclusions and recommendation to remand; and even though I now understand this was not a final Order to Remand it still makes no logical sense to me why this Honorable Court would want to allow any further filings when Judge David Horan has articulated such a strong argument for his position to remand and has supported it with considerable determination of facts and conclusion of law explaining why the removing defendants having failed to meet their burden of proof to remove to the Federal Court.

Even if the final decision about whether the Federal Court has jurisdiction has not yet been ordered; it seems logical that since Magistrate Judge Horan recommends it be remanded then all further filings in the Federal court would stop until the question of jurisdiction is finally resolved. As a taxpayer I can't help but wonder why the court would want to place the cost burden on the public of filing motions, amended complaints, and other documents when the probability of remand is high.  It seems more logical that the court would issue a stay on all further filings until the question of jurisdiction is finalized.  No matter how much I searched through the local rules of federal procedure I was unable to find any rule specific to this; however I did find an Order in another case where, like here, there was apparently more than one motion to remand.  Case # 3:11-MD-2244-K where a stay was ordered that superseded all motions and agreements of counsel in the earlier scheduling order.  This order can be found at: http://www.txnd.uscourts.gov/pdf/mdl/3-11-md-2244_189.pdf  My limited research indicates that a motion needs to be made for such a stay, so this is why I have motioned this Honorable Court for a stay on all future motions and on the filing of our amended complaint until the question of whether or not this court has jurisdiction can be finally determined.

Alternatively we move this Honorable Court for an extension of time to file our amended complaint since the court's email misled us into thinking that Magistrate Judge David Horan's findings, conclusions and recommendations was a final Order to Remand; and since counsel for the removing parties, Mr. Cabrera, failed to inform us in a timely manner that Magistrate Judge recommendation was not a final Order of the court, when he knew or should have known it was not; and where these two factors outside of our control caused us, and would have caused any reasonable person, to miss the agreed upon filing deadline.

Mr. Cabrera had filed a motion for clarification in behalf of Dovenmuehle identical to the motion he filed in behalf of MGC and LNV and Magistrate Judge Horan signed an Order dated October 14, 2014, giving us until November 13, 2014 to provide such clarification.  Since our amended complaint will provide this clarification for all parties, we request that this November 13, 2014 date be the new deadline for filing our amended complaint in this court, if this Honorable Court does not chose to grant the requested stay on new filings.

THEREFORE we pray this court grant a stay on the filing of all future motions and for the filing of our amended complaint until after the court issues a final Order on the question of whether jurisdiction lies with this court; ALTERNATIVELY we pray this court extend the filing date for our amended complaint to November 13, 2014.

_____        _____
JoAnn S Breitling                                                   Samuel G. Breitling

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record and pro-se parties via the Court's CM/ECF system, regular mail, and/or certified mail, return receipt requested n this 16th day of October 2014.

/s/ JoAnn Breitling
_____
Self Represented

_____

-------- Original message --------
From: ecf_txnd@txnd.uscourts.gov
Date:10/29/2014 4:17 PM (GMT-06:00)
To: Courtmail@txnd.uscourts.gov
Subject: Activity in Case 3:14-cv-03322-M-BN Breitling et al v. LNV Corporation et al Findings and Recommendations


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: Judges' Copy Requirements. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms and Instructions found at www.txnd.uscourts.gov. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.

## U.S. District Court

## Northern District of Texas

### Notice of Electronic Filing

The following transaction was entered on 10/29/2014 at 4:17 PM CDT and filed on 10/29/2014
Case Name:       Breitling et al v. LNV Corporation et al
Case Number:     3:14-cv-03322-M-BN
Filer:
Document Number: 42

**Docket Text:**
**Findings and Recommendations on Case: The Court should grant Judge Tillery's [9] MOTION to Remand to State Court , deny [16] Joint MOTION to Sever , deny as moot Plaintiff's [24] MOTION to Remand , and remand this entire action to the 101st Judicial District Court of Dallas County, Texas, from which it was removed. (See order for specifics) (Ordered by Magistrate Judge David L Horan on 10/29/2014) (mcrd)**

_____

**3:14-cv-03322-M-BN Notice has been electronically mailed to:**

Clayton E Devin cdevin@macdonalddevin.com

David A Harris david.harris@texasattorneygeneral.gov, deborah.woltersdorf@texasattorneygeneral.gov, led_docket@texasattorneygeneral.gov

Robert T Mowrey rmowrey@lockelord.com, ksutton@lockelord.com, ssheets@lockelord.com

Jason L Sanders jsanders@lockelord.com, gtaylor@lockelord.com, pnrichards@lockelord.com

Marc Daniel Cabrera mcabrera@lockelord.com, shenry@lockelord.com

Jo Ann Breitling joannbreitling@yahoo.com


**3:14-cv-03322-M-BN The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will serve notice of court Orders and Judgments by mail as required by the federal rules. An attorney/pro se litigant is cautioned to carefully follow the federal rules (see FedRCivP 5) with regard to service of any document the attorney/pro se litigant has filed with the court. The clerk's office will not serve paper documents on behalf of an attorney/pro se litigant.**

Patricia Ullman
Dovenmuehle Mortgage Inc
1 Corporate Drive
Suite 360
Lake Zurich, IL 60047

Samuel G Breitling
1704 Cornwall LN
Sachse, TX 75048

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1004035775 [Date=10/29/2014] [FileNumber=8050270-0] [c30f99f16957c33d017c8fd6d319ee2f1dede269988af8e3db72b9ebab926aa7e68bf1a251ccc5c6290b09b55524f5251942a8a5f7e5ab16e14b7776c94272a4]]

Case 3:14-CV-03322-M-BN     Exhibit B     Plaintiffs' Motion for Time Extension

_____

-------- Original message --------
From: "Cabrera, Marc"
Date:11/04/2014 12:15 PM (GMT-06:00)
To: 'Joann Breitling'
Cc: "Sanders, Jason"
Subject: RE: amended petition

Mrs. Breitling, This case has not been remanded to state court.  We are still in federal court.  We agreed not to oppose your request to allow you until October 31, 2014 to amend your complaint.  To date, you have not filed an amended complaint.  We strongly urge you to obtain counsel to assist with your litigation.

Thanks,

Marc

**Marc D. Cabrera**
Attorney
**Locke Lord LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
T: 214-740-8289
F: 214-756-8289
mcabrera@lockelord.com
www.lockelord.com


Atlanta, Austin, Chicago, Dallas, Hong Kong, Houston, London, Los Angeles, New Orleans, New York, Sacramento, San Francisco, Washington DC

_____

**From:** Joann Breitling [mailto:joannbreitling@yahoo.com]
**Sent:** Thursday, October 30, 2014 1:06 PM
**To:** Cabrera, Marc
**Subject:** amended petition

Good morning.  I spoke with Jonathan McKinnon in the 101 District Court today and my case has not made it back to their docket yet.  He advised me to check back periodically.

Due to the change in venue and change in circumstances I must now change my first amended petition to reflect these changes.  I expect to have it filed in the 101 District Court within 15 days.

I hope you find this acceptable and I request a confirmation by email reply.

Sincerely,

JoAnn Breitling

CONFIDENTIALITY NOTICE:
This message and any attached files may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.