Samuel G. Breitling  and JoAnn Breitling
    Plaintiffs,

                                                                         Civil Action No 3:14-cv-3322-M

vs.

LNV Corporation, ET AL.,
    Defendants

Dear Honorable Judge Barbara Lynn,
January 1, 2015

**<u>SUPPLIMENT TO URGENT LETTER AND AFFIDAVIT TO THE HONORABLE JUDGE BARBARA LYNN</u>**

Dear Honorable Judge Lynn,

As a pro per litigant I'm learning as I go "by the seat of my pants" I just found these statutes and case law that support my position that the District Court has jurisdiction over this case, and the County JP Court lacks jurisdiction in an eviction action brought against us by Defendant LNV (or any of the Beal Defendants) as a dispute over title is intrinsic to our complaint against them filed originally in the District Court.

Pertaining to County Court jurisdiction: <u>Texas Rules of Civil Procedure 510.3(e)</u> Only Issue. "The court must adjudicate the right to actual possession and not title."

<u>Texas Gov't. Code 26.043(2) CIVIL MATTERS IN WHICH COUNTY COURT IS WITHOUT JURISDICTION.</u> A county court does not have jurisdiction in:

    (2) a suit for the enforcement of a lien on land;

    (6) a suit for the trial of the right to property valued at $500 or more and levied on under a writ of execution, sequestration, or attachment;

    (8) a suit for the recovery of land.

The jurisdiction of the district court pre-empts the justice court on issues of possession when questions of title and possession are so integrally linked or intertwined that possession may not be determined without first determining title.  In such cases the justice court is deprived of jurisdiction. <u>Mitchell v. Armstrong Capital Corp.</u>, 911 S.W.2d 169, 171 (Tex. App-Houston (1st Dist.) 1995,, writ denied); <u>Merit Management Partners I, L.P. v. Noelke</u>, 266 S.W. 3d 637,650 (Tex. App, Austin, 2008, no pet.)

"A Justice Court has no jurisdiction of a suit for damages for injury to or destruction of an easement over land. An easement is a right which one proprietor has to some profit, benefit or lawful use out of or over the estate of another proprietor. To prove this right necessarily involves proof of title, and hence the County and Justice Courts have no jurisdiction." <u>Henslee v. Boyd, 107 S.W. 128 (Tex. Civ. App. Dallas 1908, no writ)</u>

The government code provides that a county court does not have jurisdiction in "a suit for the recovery of land." T<u>ex. Gov't Code Ann. § 26.043(8) (West 2004)</u>; see also <u>Doggett v. Nitschke, 498 S.W.2d 339, 339 (Tex. 1973)</u> ("A county court does not have jurisdiction to try questions of title to land.")

D. Andrew Beal, and therefore his Beal Defendants (MGC, LNV, DMI and C&S) have no regard for the law. Beal has amassed billions of dollars breaking the laws (based on information from just one accounting firm he has illegally earned profits of $19.7 billion dollars and this is likely only a fraction of his gains from such activities). He uses that unduly gained wealth to abuse the judicial system and to thwart justice.

Beal was warned by Texas Attorney General Greg Abbott in 2010 that it was illegal to foreclosure on properties using "robosigned" (i.e. forged documents with false signatures and false statements pertaining to the grantor/grantee or assignor/assignee). Beal's attorneys representing Beal's MGC lied to Greg Abbott and said they had no completed foreclosures or foreclosures in process with such "robosigned" documents.

Then in 2015 dozens of Beal victims are still fighting Beal foreclosures in State and Federal Courts across the country because Beal has used and is using "robosigned" documents to establish his MGC or LNV's authority to conduct a sale of their property. Many of these Beal victims have been fighting him since 2010, like us. Also these Beal victims were never in a default of their own making; Beal's MGC caused defaults by not accepting payments or misappropriating payments.

In our case Beal utilized the illegal practices described in Greg Abbott's 2010 letter to establish his LNV's authority to conduct a sale of our property; and obtained a court order for such sale using such illegal practices, which Beal knew or should have known were illegal due to his receipt of Greg Abbott's letter in 2010 through his MGC. Then he blatantly violated Texas Rules of Civil Procedure 736.11 which gave me an automatic stay if I filed my own, independent lawsuit by 5:00 p.m. on the Monday prior to the sale. My lawsuit was filed on Friday, August 29, 2014; the sale was held on Wednesday September 2, 2014. This illegal sale was videotaped by WFAA-TV. The reporter, off camera, asked the trustee, why she violated the stay and sold my home FIRST that morning. She replied "I was told to." As soon as my home was sold, she told the crowd that she was taking a break, and turned around to make a phone call.

Beal and his Beal Entities have used Beal's ill-gotten excessive wealth to abuse to judicial process with intent to cause excess litigation costs to their opponents knowing their opponents have limited financial resources.

It is scary to us and to all the Beal victims that so many people can be paid to break the law and no one is stopping D. Andrew Beal.

This Honorable Court needs to send a very strong message to D. Andrew Beal and his Beal Entities to let them know they are not above the law by sanctioning them and causing them to pay us the attorney fees we requested; and by any other means within the Court's power to impose.

With All Sincerely

*JoAnn Breitling*
JoAnn Breitling

1704 Cornwall Lane
Sachse, Texas  75048
214-674-6572


CC: U.S. Justice Department, FBI